IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PARSONS, | } |
| | } |
| Plaintiff, | } |
| v. | } |
| | } Case No.: CV 04-P-0306-S |
| UNITED MINE WORKERS OF | } |
| AMERICA, DISTRICT 20, et al., | } |
| | } |
| Defendants. | } |

**MEMORANDUM OPINION**

The court has before it Defendant Drummond Company, Inc.'s Motion to Dismiss All Claims Asserted Against It By Plaintiff David Parsons (Doc. # 3) filed February 23, 2004, and Defendants District 20, United Mine Workers of America, Larry Pasquale and United Mine Workers of America's Motion to Dismiss (Doc. # 6) filed February 24, 2004. Pursuant to the court's February 26, 2004 order, (Doc. # 9), Plaintiff was to submit any opposition brief(s) to the above-referenced motions by mid-March. As of the date of entry of this order, the court has not received any opposition from Plaintiff to either of the pending motions. Accordingly, as outlined below, the court conducted an independent analysis of the Plaintiff's complaint under the Rule 12(b)(6) standard[1] and

---

[1] Defendant Drummond Company's motion to dismiss attaches a matter outside of the pleadings–the Declaration of Dean Hubble. (Doc. # 3, at Ex. A). Rule 12(b) provides: "If on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6). However, "[i]t is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Automobile Ins. Co. of Hartford, Conn*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985). In this case, the court finds that the Hubble Declaration is not helpful or necessary to resolve the matters presented in the pending motions and therefore the court excludes it from consideration. Accordingly, the court will *not* convert Drummond's motion to dismiss to a Rule 56 motion for summary judgment.

concludes that Plaintiff's three-count complaint fails to state a claim upon which relief can be granted and therefore is due to be dismissed.

I.  **Standard of Review**

Defendants have challenged the sufficiency of the complaint under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness*

*Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).  When the above-referenced standard is applied to the complaint, the motions to dismiss are due to be granted.

## II.     **Relevant Facts**

The facts according to Plaintiff's complaint are as follows.  From February 2002 until June 2003, Plaintiff was employed at Drummond Company's ("Drummond") Shoal Creek Mine. (Doc. # 1, Ex. 1, at ¶ 5).  Plaintiff was a member of the collective bargaining unit and his employment was governed by the terms of the collective bargaining agreement entered by the United Mine Workers of America ("UMWA") and Drummond.  (Doc. # 1, Ex. 1, at ¶ 6).  Plaintiff avers that United Mine Workers of America, District 20 ("District 20") was acting as an agent for UMWA during all or part of the actions forming the basis for Plaintiff's complaint. (Doc. # 1, Ex. 1, at ¶ 3).

In early 2003, Plaintiff underwent surgery on his right knee for what he avers was a work-related injury.  (Doc. # 1, Ex. 1, at ¶ 5).[2]  In June 2003, Drummond discharged Plaintiff for failing a drug test and testing positive for cocaine.  (Doc. # 1, Ex. 1, at ¶ 6).[3]  Plaintiff filed a grievance pursuant to the collective bargaining agreement.  (Doc. # 1, Ex. 1, at ¶ 6).

Plaintiff claims that "Defendants UMWA, District 20 and Pasqualle [sic] failed to represent Plaintiff in said grievance and failed to develop evidence that the Plaintiff tested positive because he was taking prescription drugs that were associated with his knee injury." (Doc. # 1, Ex. 1, at ¶ 6).  Plaintiff further avers that, on or about July 15, 2003, during a pre-arbitration conference,

---

[2] Plaintiff has not asserted a claim under the Alabama Workers' Compensation Act in this action. Plaintiff's complaint specifically states that he "reserves his claims as a result of said injury, and other acts of Drummond that are actionable under the Alabama Workers' Compensation Act, for assertion in a separate action." (Doc. # 1, Ex. 1, at ¶ 5).

[3] Plaintiff suggests in his complaint that the positive drug test may have been related to prescription drugs that he was taking for his knee injury. (Doc. # 1, Ex. 1, at ¶ 6).

Defendants Drummond, UMWA, District 20, and Pasquale falsely represented to Plaintiff "that he would have a clear record and Drummond would not fight his application for Alabama Unemployment Compensation if the Plaintiff resigned." (Doc. # 1, Ex. 1, at ¶¶ 6, 8). Purportedly in reliance on those representations, Plaintiff signed a "Notice of Resignation from Employment" on July 16, 2003. (Doc. # 1, Ex. 1, at ¶¶ 6, 8). Plaintiff believes Defendants "conspired . . . to force him to resign." (Doc. # 1, Ex. 1, at ¶ 6). Plaintiff claims Defendants' action have caused him to be "deprived of rights that he has under the collective bargaining agreement." (Doc. # 1, Ex. 1, at ¶ 9).

Plaintiff filed this action in the Circuit Court of Jefferson County, Bessemer Division, on January 12, 2004. (Doc. # 1). Plaintiff asserts claims against UMWA; District 20; Drummond, and District 20 official Larry Pasquale. (Doc. # 1). Specifically, Plaintiff asserts the following three counts against the Defendants: (1) District 20 and UMWA breached their collective bargaining agreement duty to fairly represent him during the arbitration;[4] (2) Drummond should be ordered to reinstate Plaintiff and pay him back pay because he was not fairly represented;[5] (3) Defendants are liable for fraud and deceit. (Doc. # 1, Ex. 1, Counts One-Three). Defendants removed the action to this court on February 17, 2004, under the theory that Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et seq.* ("LMRA"). (Doc. # 1).

### III. Discussion

For the following reasons, the court finds that Defendants' motions to dismiss are due to be

---

[4] Although Plaintiff alleges in Count One of the complaint that "USM" conspired with District 20, no Defendant "USM" is named or mentioned elsewhere in the complaint. (Doc. # 1, Ex. 1, at Count One).

[5] Count Two is not a separate and independent claim as it merely seeks remedies for the violation alleged in Count One and is therefore subsumed by Count One. Accordingly, the court will treat Counts One and Two as one claim.

granted as to all three counts of the complaint. The court first will address the threshold preemption issue, which was the basis for removal and alone warrants dismissal of all three counts of the complaint, and then will consider an alternative basis for dismissal of Counts One and Two.

### A.   Federal Preemption of Plaintiff's State Law Claims

Plaintiff claims that the actions of Defendants have caused him to be "deprived of rights that he has under the collective bargaining agreement." (Doc. # 1, Ex. 1, at ¶ 9).[6] Plaintiff's claims in this action–breach of a duty of fair representation and fraud and deceit–are pled as state law claims. (Doc. # 1, Ex. 1). Nevertheless, the Eleventh Circuit has made clear that Alabama state law claims that implicate a collective bargaining agreement are *completely preempted* by § 301 of the LMRA. *Darden v. United States Steel Corp.*, 830 F.2d 1116, 1119 (11th Cir. 1987) ("'It is well established that § 301 governs and, hence, preempts claims that are either founded directly on rights created by a collective bargaining agreement or substantially dependent upon an analysis of a collective bargaining agreement.'"); *see also Franchise Tax Bd. v. Construction Laborers Vaction Trust*, 463 U.S. 1, 23 (1983).

There is no question that Plaintiff's two substantive claims in this case are dependent upon the analysis of the collective bargaining agreement and therefore fall within the parameters of preemption under the LMRA. The Supreme Court specifically has held that a claim for breach of the duty of fair representation (Count One of Plaintiff's complaint in this case) is preempted by the LMRA because it amounts to "a direct challenge to the 'private settlement of disputes under [the agreement].'" *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983).

---

[6] A collective bargaining agreement is statutorily defined as a contract "between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185.

5

Likewise, Plaintiff's fraud claim cannot be resolved without looking to the bargaining agreement because the analysis of fraud under Alabama law hinges upon the Plaintiff's reliance upon a misrepresentation of a material fact knowingly made by the Defendants. *See Life Ins. Co. of Georgia v. Parker*, 706 So.2d 1108, 113 (Ala. 1997). Any purported misrepresentation by the Defendants or reliance by the Plaintiff in this case would necessarily be judged within the parameters of the collectively bargained contract. As the Fifth Circuit noted, "§ 301 must be broadly construed to encompass any agreement, written or unwritten, formal or informal, which functions to preserve harmonious relations between labor and management." *Smith v. Kerrville Bus. Co., Inc.*, 709 F.2d 914, 919 (5th Cir. 1983).

Having determined that Plaintiff's claims in this case are preempted by the LMRA, the court must now decide whether to dismiss the claims or treat them as federal claims under the LMRA. "[W]hen the resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim [action for breach of a collective bargaining agreement]. . . , or dismissed as preempted by federal labor-contract law." *Allis-Chalmers v. Lueck*, 471 U.S. 202 (1985).

In order to award Plaintiff the reinstatement and back pay he seeks under his state law claims in this case, the court essentially would have to usurp the grievance process, overturn the settlement purportedly reached, resolve Plaintiff's grievance in his favor, and restore his position as if the discharge for testing positive for cocaine never had occurred. (Doc. # 1, Ex. 1, Count Two). Given the required interpretation of the collective bargaining agreement to resolve Plaintiff's claims and the clear preemption by the LMRA, the court finds that dismissal of the claims without prejudice

is the appropriate remedy.[7]

### B.   Conversion to § 301 Claim

Alternatively, even if the court decides to convert Plaintiff's claims into a "hybrid" breach of contract/duty of fair representation claim under § 301 of LMRA, *see Vaca v. Sipes*, 386 U.S. 171 (1967), Plaintiff's complaint is still due to be dismissed. In order to prevail on this hybrid theory, Plaintiff must prove *both* a breach of contract *and* a breach of duty of fair representation. *Reed v. United Trans. Union*, 488 U.S. 319, 328 (1989); *United Parcel Service v. Mitchell*, 451 U.S. 56, 66-67 (1981). However, Plaintiff's complaint in this case fails to allege *any* breach of the collective bargaining agreement on the part of Drummond. Although Plaintiff has pursued state law *tort* claims against Drummond, the Plaintiff never asserts a breach of contract claim against Drummond. (*See* Doc. # 1, Ex. 1 at Counts One-Three).

Federal Rule of Civil Procedure 8 provides in part that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court finds that, even when the Plaintiff's claims are treated as a federal claim under § 301, and even under the low pleading threshold of Rule 8, Plaintiff's complaint fails to state a claim for relief because no statement in the complaint afforded the Defendants "fair notice" of a *breach of contract* claim

---

[7] Moreover, the court notes that the fraud and deceit allegations of Count Three are also likely preempted by §§ 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157, 158, because it essentially asserts that Defendants bargained in bad faith in violation of 29 U.S.C. § 158(a)(1) & (d). The Supreme Court has held that, "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).

against Drummond Company as required by § 301 of the LMRA.

IV.  **Conclusion**

For both of the alternative reasons stated above, the motions to dismiss (Docs. # 3, 6) are granted. Costs are taxed against Plaintiff. A separate order shall be issued.

**DONE** this ___6th___ day of April, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE